SAMUEL SEWARD, for the use of GEORGE W. CHAPMAN, plaintiff in error *v.* ABIJAH WILSON, defendant in error.

*Error to Adams.*

A non-resident plaintiff cannot institute a suit before a justice of the peace, until he has given a bond for costs, although he sue for the use of a resident. The statute in relation to costs in the Circuit Court, in like cases, is different.

THIS cause was decided in the court below, at the April term, 1835, by the Hon. Richard M. Young.

A. WILLIAMS, for the plaintiff in error.

O. H. BROWNING, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action instituted originally before a justice of the peace. From the bill of exceptions it appears that the plaintiff was at the time of the commencement of the suit a non-resident, but that the person for whose use it was instituted, was a resident. It also appears that a motion was made before the justice to dismiss the cause, for the reason of the non-residence of the plaintiff. The Circuit Court, on the cause being brought to that Court, dismissed the cause because of the non-residence of the plaintiff at the time of its commencement before the justice, and entered a judgment for defendant for the costs. To reverse this judgment, this writ of error is prosecuted, and the only question made here,

is whether the Circuit Court decided erroneously in dismissing the cause.

Strictly the order dismissing the cause is not conformable to the judgment which should have been entered on the facts as they appear ; and it is presumed to be a clerical error in using the word "dismiss," when it should have directed the judgment of the justice to have been reversed. The effect may be the same, however, as no *procedendo* was awarded, and the defendant recovered his costs in both Courts. The judgment of the Circuit Court is substantially correct.

Nothing is more certain from the act regulating the proceedings before justices of the peace in civil actions, than that a nonresident plaintiff shall not institute a suit until he shall have given a bond for costs. It is a disability imposed on him, and as effectually precludes his right to sue until the bond be given, as in the case of an alien enemy. The statute in relation to costs in like cases in the Circuit Court, is different, because it speaks of persons for whose use suits may be instituted, but even there it may be justly doubted whether under that act, the person for whose use the suit is instituted, filing a bond would be a compliance with that act. It only declares he shall be liable for costs, but neither by that law, nor the practice of the Court, could a judgment be rendered in the action against him, for the costs in favor of the defendant. If he prevailed he is driven to a separate action.

The judgment of the Circuit Court is affirmed with costs.
*Judgment affirmed.*

*Note.* In the case of Harmon, for the use of Caton *v.* Harmon, decided at Dec. term, 1839,(1) it was held that a security for costs is not necessary where a suit is brought in the Circuit Court by a non-resident for the use of a resident. See also, Acts of 1838-9, 271.